**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DIMAS CUADRADO,

                Plaintiff,

      v.                                                  No. 14-CV-1293
                                                             (DNH/CFH)

STATE OF NEW YORK; BRUEAULT, Correction Officer, Coxsackie Correctional Facility; CARROL, Correction Officer, Coxsackie Correctional Facility; and MILLET, Correction Officer, Coxsackie CorrectionalFacility,

                Defendants.

---

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                                  **OF COUNSEL:**

DIMAS CUADRADO
Plaintiff Pro se
13-A-3993
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. ERIC T. SCHNEIDERMAN          RACHEL MAMAN KISH, ESQ.
Attorney General for the                   Assistant Attorney General
    State of New York
The Capitol
Albany, New York 12224-0341
Attorney for Defendant

## REPORT-RECOMMENDATION AND ORDER[1]

      Plaintiff pro se Dimas Cuadrado, an inmate who was, at all relevant times, in the

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 (b) and N.D.N.Y.L.R. 72.3 (c).

custody of the New York Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant Brueault violated his constitutional rights under the Eighth Amendment. Compl. (Dkt. No. 1).[2] At all relevant times, plaintiff was an inmate incarcerated at Coxsackie Correctional Facility ("Coxsackie"). Additional defendants were named, but the claims against them have since been dismissed. Dkt. No. 10. Plaintiff demands monetary damages in the amount of $2,000,000 from New York State, "paid dental expenses, the removement [sic] from [Coxsackie] correctional facility,"[3] and the suspension of the "officer." Compl. at 5. For the following reasons, it is recommended that Brueault's motion for dismissal be granted.

## II. **Background**

The allegations of plaintiff's complaint are viewed as true. See subsection III (A) infra. Plaintiff alleges that on October 13, 2014 he was on his way to Jewish services when he was approached by Officer Brueault and asked to "get on the wall for a 'pat frisk.'" Compl. at 5. While plaintiff obeyed Brueault's order, other officers notified Brueault that "the area was 'clear'". Id. Brueault then swung and hit plaintiff in his face, breaking his jaw and rendering him unconscious. Id. Plaintiff regained consciousness while the other officers "beat on [him] until a sergeant came." Id.

---

[2] This action was administratively closed on October 21, 2014 due to plaintiff's failure to properly certify his in forma pauperis ("IFP") application. Dkt. No. 4. The action was reopened on November 14, 2014 after plaintiff properly complied with the filing fee requirements. Dkt. No. 7.

[3] Plaintiff was moved to Great Meadow Correctional Facility located in Comstock, New York sometime after filing this action.

III. **Discussion**[4]

Plaintiff contends that defendant Brueault violated the Eighth Amendment by using excessive force during the October 13 incident. Compl. at 5. Brueault argues that plaintiff has failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a), the Prison Litigation Reform Act ("PLRA") and that the Eleventh Amendment bars the claims against Brueault in his official capacity. Dkt. No. 13-1.

A. **Legal Standard**

Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). However, this "tenet…is inapplicable to legal conclusions[; thus, t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (holding that "entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action…[as] courts are not bound to accept as true a legal conclusion couched as a factual allegation.")).

Accordingly, to defeat a motion to dismiss, a claim must include "facial plausibility…that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556

---

[4] All unpublished opinions cited to by the Court in this Report-Recommendation are, unless otherwise noted, attached to this Recommendation.

(explaining that the plausibility test "does not impose a probability requirement…it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that, "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible….") (citations and internal quotation marks omitted). Determining whether plausibility exists is a "context-specific [task] that requir[es] the reviewing court to draw on its [judicial] experience and common sense." Iqbal, 556 U.S. at 663-64 (citation omitted).

When, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude,"…that a pro se litigant's submissions must be construed "liberally," . . . and that such submissions must be read to raise the strongest arguments that they "suggest" . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . or arguments that the submissions themselves do not "suggest"… that we should not "excuse frivolous or vexatious filings by pro se litigants"… and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law[.]"

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally.'" (citations omitted)).

### A. **Exhaustion**

Brueault contends that his motion to dismiss must be granted because plaintiff failed

to exhaust administrative remedies. Specifically, Brueault argues that plaintiff failed to wait until he received a decision on his final appeal before commencing this action. Under the PLRA, an inmate must exhaust all administrative remedies before bringing an action for claims arising out of his or her incarceration. Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 548 U.S. 81, 82 (2006). To exhaust administrative remedies, the inmate must complete the full administrative review process set forth in the rules applicable to the correctional facility in which he or she is incarcerated. Jones v. Bock, 549 U.S. 199, 218 (2007) (internal citation omitted). The exhaustion requirement applies even if the administrative grievance process does not provide for all the relief requested by the inmate. Nussle, 534 U.S. at 524.

Although the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply." Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citing Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004)). Thus, a court must conduct a three-part inquiry to determine whether an inmate's failure to follow the applicable grievance procedures is fatal to his or her claims. A court must consider whether:

> (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement.

Ruggiero, 467 F.3d at 175 (citing Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004)).

Administrative remedies are unavailable when there is no "possibility of . . . relief for the action complained of." Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (citing

-5-

Booth v. Churner, 532 U.S. 731, 738 (2001)). The test to determine the availability of an administrative remedy is an objective one: whether "a similarly situated individual of ordinary firmness" would have deemed it available. Hemphill, 380 F.3d at 688 (citation omitted). Unavailability may be found in circumstances "where plaintiff is unaware of the grievance procedures or did not understand it . . . or where defendants' behavior prevents plaintiff from seeking administrative remedies." Hargrove v. Riley, No.04-CV-4587 (DST), 2007 WL 389003, at *8 (E.D.N.Y. Jan 31, 2007) (internal citations omitted). Further, "where a prisoner has made a 'reasonable attempt' to file a grievance, and prison officials have prevented the prisoner from filing that grievance, the grievance procedures are not 'available' to the defendant, and thus, the [PLRA] does not preclude the prisoner from suing in federal court." Thomas v. New York State Dep't of Corr. Servs., 00-CV-7163 (NRB), 2002 WL 31164546, at *3 (S.D.N.Y. Sept. 30, 2002) (citations omitted).

Here, there is no dispute that at all relevant times, DOCCS had in place a three-step inmate grievance program. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5 (2014). First, the inmate is required to file a complaint with an inmate grievance program clerk ("IGP") within twenty-one days of the alleged action. Id. at § 701.5(a)(1). An IGP representative has sixteen calendar days to informally resolve the issue. Id. at § 701.5(b)(1). If no informal resolution occurs, the full IGP committee must hold a hearing within sixteen days of receipt of the grievance and must issue a written decision within two working days after conclusion of the hearing. Id. §§ 701.5(b)(2)(i), (ii). If unfavorable, a grievant may appeal the IGP committee's determination to the facility superintendent within seven calendar days of receipt of the determination. Id. § 701.5(c)(1). If the superintendent's determination is unfavorable, the grievant may take the third step of the grievance procedure by appealing to

the central office review committee ("CORC") within seven days after receipt of the unfavorable superintendent's determination. Id. §§ 701.5 (d)(i),(ii). CORC must issue a written decision within thirty days of receipt of the grievant's appeal. Id. § 701.5(d)(2)(ii).

Here, plaintiff presumably completed the first two steps of the administrative grievance process. His complaint states that his "grievance is still pending." Compl. at 5. Despite his claim otherwise, he has not completed the final step of the administrative grievance process as CORC has not yet addressed plaintiff's appeal. Dkt. No. 18. Plaintiff does not allege in his response that he failed to meet the exhaustion requirement due to administrative remedies being unavailable to him, nor does he allege that the defendant has waived the defense of failure to exhaust or acted in such a way as to estop him from raising such a defense. Ruggiero, 467 F.3d at 175. Plaintiff also does not allege any special circumstances that would justify his failure to comply with the exhaustion requirement. Id.

As discussed, the exhaustion of administrative remedies must be fully completed prior to the filing of an action in federal court. Neal v. Goord, 267 F.3d 116, 123 (2d Cir. 2001), overruled on other grounds, Porter, 534 U.S. at 532. Thus, "where it appears that plaintiff has begun, but not completed, the grievance procedure, the appropriate course would be to dismiss the action without prejudice to allow plaintiff to meet the exhaustion requirement." Leal v. Johnson, 315 F. Supp. 2d 345, 347 (W.D.N.Y. 2004). Dismissal is required even in cases where the exhaustion requirement is met subsequent to the filing of the complaint. Rossi v. Fishcer, 13-CV-3167 (PKC)(DF), 2015 WL 769551, at *4 (S.D.N.Y. Feb. 24, 2015). Because plaintiff has not received a written decision from CORC yet, and has demonstrated no exception, he has not met the exhaustion requirement under the

PLRA.

Accordingly, it is recommended that Brueault's motion for dismissal be granted on this ground, but that such dismissal be without prejudice.

### B. **Eleventh Amendment**

Brueault argues that he is entitled to Eleventh Amendment immunity relating to plaintiff's claims against him in his official capacity. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)). Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. Halderman, 465 U.S. at 100. Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979).

Moreover, suit against a state official in his or her official capacity is a suit against the entity that employs the official. Faird v. Smith, 850 F.2d 917, 921 (2d Cir. 1988) (citing Edelman v. Jordan, 415 U.S. 651, 663 (1974)). "Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit

-8-

must look to the government entity itself," rendering the latter suit for money damages barred even though asserted against the individual officer in his official capacity. Kentucky v. Graham, 473 U.S. 159, 166 (1985).

Here, because plaintiff seeks monetary damages against Brueault for acts occurring within the scope of his duties, the Eleventh Amendment bar applies.

Accordingly, it is recommended that Brueault's motion on this ground be granted.

### III. **Conclusion**

For the reasons stated above, it is hereby **RECOMMENDED** that defendant Brueault's motion for dismissal (Dkt. No. 13) of plaintiff's complaint (Dkt. No. 1) be **GRANTED**; and it is further

**RECOMMENDED** that:

1. all claims against defendant Brueault in his official capacity be dismissed with prejudice, and;

2. all other claims remaining in plaintiff's complaint be dismissed without prejudice, for plaintiff's failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a).

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action, pursuant to local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE**

**APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated: March 17, 2015
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge